**Thomas R. LEWIS, Appellant,**

v.

**Vickie Dawn LEWIS (Now Gwaltney), Appellee.**

Supreme Court of Kentucky.

Feb. 20, 1976.

J. D. Craddock, III, Hensley, Mintmire & Craddock, Munfordville, for appellant.

Jon William Goodman, Munfordville, for appellee.

STERNBERG, Justice.

This is an appeal from a judgment of the Hart Circuit Court awarding the custody of Laurie Jean Lewis to appellee Vickie Dawn Lewis.

Appellant Thomas R. Lewis and appellee were married on July 3, 1969, in Riverside County, California. Their only child, Laurie Jean, was born October 17, 1970.

On January 3, 1975, Thomas filed a petition for dissolution of marriage. The issue of custody was referred to the court's commissioner for the taking of proof. In his report, the commissioner recommended that Vickie receive custody of the child. Thomas filed exceptions to this report.

The court granted dissolution of the marriage on March 22, 1975; however, a determination of the question of final custody was withheld. The court explained:

"That it would be best to all parties concerned that the temporary custody of the infant child, LAURIE JEAN LEWIS, remain with the Petitioner until such time as the Petitioner and Respondent are given an opportunity to establish their new homes and until this Court can receive a report from the Department of Human Resources or some other similar governmental agency as to the fitness of each home for the infant child and a permanent child custody decision is reached by this Court."

Thomas married Barbara Clymer Bowser. Vickie married Ronald Gwaltney.

The trial judge received reports regarding the newly established homes of Vickie and Thomas from social workers in Jefferson County, Kentucky, and in White County, Illinois. The reports, addressed to the trial judge and dated April 30, 1975, and May 29, 1975, respectively, were filed in the record on June 2, 1975. The clerk of the court failed to forward a copy of the reports to either counsel.

On June 10, 1975, eight days after the reports were entered in the record, the court entered judgment awarding custody of the child to Vickie. No hearing was held on the question of custody subsequent to the reports being filed. Thomas appeals from this judgment.

The two questions raised on appeal are (1) whether the court erroneously failed to comply with KRS 403.300 in admitting reports by social workers concerning which parent should have custody of the child, and (2) whether the award of custody to the appellee was clearly erroneous.

Thomas contends that the court erroneously failed to follow the procedures outlined in KRS 403.300 with respect to investigative reports in child custody proceedings.

KRS 403.300 provides that in child custody proceedings the court may order an investigation and report to be made by such an agency as the court selects. Subsection (3) of this statute provides:

"The clerk shall mail the investigator's report to counsel and to any party not represented by counsel at least 10 days prior to the hearing. The investigator shall make available to counsel and to any party not represented by counsel the investigator's file of underlying data, and reports, complete texts of diagnostic reports made to the investigator pursuant to the provisions of subsection (2), and the names and addresses of all persons whom the investigator has consulted. Any party to the proceeding may call the investigator and any person whom he has consulted for cross-examination. A party may not waive his right of cross-examination prior to the hearing. (Enact. Acts 1972, ch. 182, § 20.)"

Thomas states that he was not given notice of the existence and contents of the reports pursuant to KRS 403.300, supra, and he argues that since he was not given notice he was unable to utilize effectively his right to cross-examine the social workers who made the reports.

This argument appears to have merit. Thomas was aware that the court was going to solicit a report from the Department for Human Resources or some other similar governmental agency as to the fitness of each home for the infant child, but a copy of the reports was never sent to him. Cer-

tainly, Thomas cannot be expected to exercise his right to cross-examine in the absence of knowledge of the identity of the investigators or of the contents of the reports. Furthermore, he did not waive his right to cross-examine, since the right may not be waived prior to a hearing, and no hearing was held subsequent to the filing of the reports. Clearly, the mandate of KRS 403.300(3) has not been followed.

It is not necessary for this court to decide the question of whether, in light of the evidence, the trial court abused its discretion in awarding custody of the child to Vickie since new and additional evidence may appear in the remanded proceedings requiring reevaluation by the trial court.

In view of the court's action in ordering and securing reports from the Department for Human Resources, it should not have made an award of permanent custody until after the provisions of KRS 403.300 had been fully complied with. The case is being returned to the trial court so that counsel may be afforded a speedy evidentiary hearing at which they may fully explore the reports and the court thereby be more fully informed as to which of the parents would provide a home for the infant which would be more beneficial to her general welfare. In the meantime, the custodial arrangements now existing need not be changed.

To the extent that the judgment awards permanent custody, it is vacated and the case remanded for further proceedings consistent with this opinion.

All concur.